### GERMAN–AMERICAN INS. CO. v. SHADDIX. (No. 1784.)

(Court of Civil Appeals of Texas. Texarkana. April 19, 1917. Rehearing Denied May 3, 1917.)

INSURANCE ☞668(4)—TRIAL—QUESTIONS FOR JURY.

In an action on fire insurance policy, where defendant pleaded unauthorized vacancy of the premises, and the evidence conclusively showed that premises were vacant from February 1st until about March 10th and that the company issued a permit authorizing vacancy from February 10th to noon of March 10th, and where it appeared that a fire occurred March 25th, two days after the house was left unoccupied by a tenant, the court properly refused to submit to the jury the question whether or not the building had become vacant for full 10 days before the fire and whether or not such lack of occupancy was waived by the insurance company.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1735, 1736, 1737–1740, 1758–1760.]

Error from District Court, Bowie County; H. F. O'Neal, Judge.

Action by G. A. Shaddix against the German-American Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Plaintiff in error issued and delivered to defendant in error its policy of fire insurance in the sum of $800 for a term of three years, beginning March 7, 1914. The insured dwelling was burned and damaged by fire on March 25, 1915. The action is upon the policy of insurance to recover the amount of loss. The plaintiff in error, besides denial, pleaded in avoidance a stipulation in the policy material to the risk, reading:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days."

Defendant in error replied by supplemental petition that the insurance company waived any vacancy of the house prior to February 10, 1915, by issuing, with knowledge of the prior vacancy, a vacancy permit for a period between February 10 and March 10, 1915. The two special issues submitted to the jury, and upon which they made findings, pertain to the cause of the fire and the amount of the damage or loss to the building.

The evidence shows that the dwelling covered by the insurance policy became vacant on the 1st day of February, 1915, and so remained until about the 10th day of March following. Defendant in error testified, and his testimony was not contradicted, that about the 7th of February, before the house had been vacant for 10 days, he notified the insurance company's agency at Texarkana that it was unoccupied. The vacancy permit asked for was issued by the said agency on February 10, 1915, reading as follows:

"Permission is hereby given that the premises herein described may remain vacant or unoccupied from the 10th day of February, 1915, to the 10th day of March, 1915, at noon.

"And in consideration of the increased hazard by reason of such nonoccupancy, it is hereby understood and agreed that during such nonoccupancy one-third of the amount of the insurance hereunder upon above-named premises shall be and remain suspended and of no effect, and in case of loss while vacant or unoccupied this company shall not be liable to pay or make good to the assured exceeding two-thirds of the amount insured on said premises during such vacancy or nonoccupancy."

Mr. Gilley moved out of the house on the 1st of February, and Mr. Ford, the new tenant, moved in about the 10th of March and occupied it almost two weeks, or until March 23d. The fire occurred March 25, 1915, two days after Mr. Ford's tenancy expired, and while the house was unoccupied.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for plaintiff in error. Mahaffey, Keeney & Dalby, of Texarkana, for defendant in error.

LEVY, J. (after stating the facts as above). The defendant in error made request, and the court refused it, to submit to the jury for finding the question of whether or not the building had become vacant or unoccupied for full 10 days before the fire, and whether or not such lack of occupancy was waived by the insurance company. The evidence so conclusively shows that the house was vacant during all the time from February 1, 1915, until about March 10, 1915, that it is believed the court was fully warranted in not requiring the jury to find such established fact. But there is a vacancy permit in evidence, purporting to be issued by the insurance company through its agents, authorizing vacancy or nonoccupancy of the building from February 10, 1915, to noon of March 10, 1915. And it is not suggested by the evidence that the instrument as such was not genuinely executed by the agents of the insurance company, nor that the recitals on its face are incorrectly stated in point of fact. And the instrument was introduced in evidence without objection thereto. The instrument would therefore be sufficient of itself to show that

the house was vacant with the written consent of the insurance company from February 10, 1915, and could continue vacant and unoccupied until noon of March 10, 1915.

In this state of the evidence, it is concluded that reversible error may not be predicated upon the ruling of the court as complained of.